IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | Cr. No. 3:07-882 (CMC) |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Noah Devone Sumter, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This case comes before the court on Defendant's Motion for Relief under the First Step Act of 2018. ECF No. 115. The United States Probation Office has filed a Sentence Reduction Report ("SRR"), indicating Defendant is eligible for relief as his statutory penalty changed, but the retroactive application of the Fair Sentencing Act had no impact on the guideline range previously determined to be applicable under Amendment 782. ECF No. 114. Defendant's statutory sentencing range has changed from 20 years to Life to 10 years to Life, and his supervised release exposure is eight years instead of 10 years. Defendant's advisory guideline range remains 235-293 months. The Government agrees Defendant is eligible for relief on his term of supervised release, but requests the court deny a reduction in sentence because "retroactive application of the Fair Sentencing Act statutory penalties has no impact upon his . . . guidelines range previously determined to be applicable under U.S.S.G. Amendment 782." ECF No. 117 at 2. Defendant has not filed a reply.

The court will consider the new statutory range, the advisory guideline range, factors in 18 U.S.C. § 3553(a), and any evidence of post-sentencing mitigation in deciding whether to impose a reduced sentence of incarceration. Therefore, the parties shall file, on or before September 13, 2019, any further submissions relevant to these matters.

## Background

Defendant was charged in an indictment with the following counts: 1) conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base and 500 grams or more of cocaine; 2) possession with intent to distribute and distribution of 5 grams or more of cocaine base; and 3) and possession with intent to distribute 5 grams or more of cocaine base and a quantity of cocaine. ECF No. 12. The Government filed an Information under 21 U.S.C. § 851 noting Defendant had three prior felony drug convictions, subjecting him to a mandatory Life Sentence. ECF No. 121. On January 8, 2008, he entered a guilty plea pursuant to a Plea Agreement to Count 1, conspiracy to possess with intent to distribute 500 grams or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. ECF Nos. 49, 50. The Plea Agreement included a stipulation by Defendant that he had two prior felony drug convictions which were noticed pursuant to § 851 and which subjected him to a term of Life imprisonment. ECF No. 49 at ¶ 10. The parties agreed that if Defendant provided substantial assistance to the Government, one enhancement would be withdrawn "such that Defendant should be held accountable for one prior felony drug conviction described in that Information. Thus, the Defendant would be subject to a mandatory minimum term of imprisonment of 20 years on Count 1." *Id.* at ¶ 11.

Sentencing took place on July 29, 2008. ECF No. 60. Defendant was sentenced to 360 months imprisonment and 10 years' supervised release. ECF No. 64. An Amended Judgment was issued on January 9, 2012, reducing Defendant's sentence to 292 months pursuant to Rule 35(b). ECF Nos. 76, 77. His sentence was reduced again pursuant to Amendment 782, from 292 to 264 months. He has been in custody since June 19, 2007.

## Parties' Arguments

In his motion, Defendant argues he is eligible for a reduction in sentence because his statutory penalty on Count 1 is reduced from 20 years to Life imprisonment to 10 years to Life, and his term of supervised release has been reduced from 10 years to eight. ECF No. 115 at 2-3. Defendant requests an in-person full resentencing, and has attached documentation regarding his programming while incarcerated. *Id.* at 3; ECF No. 115-1.

The Government argues Defendant does not qualify for a reduced guideline sentence but does qualify for a reduced term of supervised release. ECF No. 117. It notes the "maximum statutory penalties faced by Sumter have not changed as he still faces up to Life imprisonment; therefore, his ultimate guidelines sentence was unaffected by the First Step Act of 2018." *Id.* at 1-2. However, the Government does recognize Defendant's statutory mandatory minimum sentence has been reduced from 20 years to 10 years, even though the retroactive application of the Fair Sentencing Act had no impact on the applicable guideline range. *Id.* at 2. The Government then notes Defendant was "convicted of a covered offense and eligible for consideration of a reduced sentence," but should not receive a sentence reduction because his guideline range did not change. *Id.* at 3. It also details Defendant's history of disciplinary violations while in the BOP. *Id.* at 7-8.

## Analysis

It is the statute of conviction, not actual conduct, that determines eligibility for relief under the First Step Act. *United States v. Powell*, 5:02-cr-206, 2019 WL 1198005, at *3 (N.D.N.Y. Mar. 14, 2019); *United States v. Davis*, No. 07-cr-245S(1), 2019 WL 1054554, at *2-3 (W.D.N.Y. Mar. 6, 2019); *United States v. Glore*, No. 99-cr-82-pp, 2019 WL 1060838, at *2 (E.D. Wis. Mar. 6, 2019). To be eligible, a defendant must have been convicted of a "covered offense" committed

before August 3, 2010. Whether an offense is a "covered offense" is determined by examining the statute the defendant violated. *See* First Step Act, § 404(a), Pub. L. No. 115-391, 132 Stat. 5194. If that statute is one for which the statutory penalties were modified by sections 2 or 3 of the Fair Sentencing Act, it is a "covered offense."

The Fair Sentencing Act increased the quantity of cocaine base to apply a mandatory minimum 10-year sentence to 280 grams or more. 21 U.S.C. § 841(b)(1)(A). Consequently, as Defendant pled guilty to 50 grams of cocaine base, an amount that corresponded to a penalty under § 841(b)(1)(A) at sentencing, but now falls into §841(b)(1)(B), the conviction meets the "covered offense" requirement of the First Step Act. Although Defendant pled guilty to a count involving both cocaine base and cocaine, the threshold quantities of 50 grams of cocaine base and 500 grams of cocaine resulted in a reduction in the mandatory minimum sentence for the cocaine base amount under the First Step Act, such that penalties for both substances now fall into the §841(b)(1)(B) penalty.[1]

The court finds that Defendant was convicted of a "covered offense" that he committed before August 3, 2010. Defendant's sentence was not previously imposed or reduced in accordance with the Fair Sentencing Act, and he has made no other motion for a sentence reduction under the First Step Act. Had the Fair Sentencing Act been in effect at the time of Defendant's sentencing, his statutory range for conspiracy involving 50 grams or more of cocaine base would

---

[1] The court does not and need not consider the impact of the cocaine conviction, as that penalty fell under §841(b)(1)(B) at sentencing and is not impacted by the First Step Act.

have been 10 years to Life under 21 U.S.C. §§ 841(b)(1)(B) and 851. Defendant would have been subject to eight years supervised release.

Defendant urges the court to grant a full resentencing; however, the court disagrees Defendant is entitled to a new sentencing hearing. Neither the Fair Sentencing Act nor the First Step Act expressly provide for a full or plenary resentencing for reconsideration of original sentencing determinations. The First Step Act simply permits a court to "impose a reduced sentence" as if the Fair Sentencing Act's increased cocaine base requirements "were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194. It contemplates a recalculation of Defendant's guidelines under the Fair Sentencing Act and a possible sentence reduction if warranted.

There is some dispute over the procedure to implement § 404 of the First Step Act. Some suggest the proper vehicle is a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). That provision allows the court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . ." Section 994(o), in turn, gives the Sentencing Commission direction to periodically review and revise the Sentencing Guidelines. However, the sentencing changes wrought by the retroactive application of the Fair Sentencing Act are not the result of the Sentencing Commission's revision to the Sentencing Guidelines, but Congress's enactment of a new statute. Therefore, by its plain terms, § 3582(c)(2) cannot apply.

The court believes the applicable provision is 18 U.S.C. § 3582(c)(1)(B), which provides that a "court may not modify a term of imprisonment once it has been imposed except that – (1) in

5

any case - . . . (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Section 404 of the First Step Act expressly authorizes by statute changes to the penalty range for certain long-final sentences.

Section 404 must be read together with other existing statutes – including § 3582(c). *See, e.g., United States v. Fausto*, 484 U.S. 439, 452-53 (1988) (courts must carry out the "classic judicial task of reconciling many laws enacted over time, and getting them to 'make sense' in combination."). Significantly, § 3582 provides an overarching provision that governs the finality of criminal sentences. *See, e.g., United States v. Goodwyn*, 596 F.3d 233, 245 (4th Cir. 2010) ([T]he law closely guards the finality of criminal sentences," and "Section 3582, which governs the imposition of federal prison sentences, embraces this principle.").

Section 3582(c)(1)(B) provides a straightforward way to implement the retroactive changes in the First Step Act because it permits a modification of a sentence when "expressly permitted by statute," as the First Step Act does here. Other district courts analyzing First Step Act motions for relief agree. *See, e.g., Davis*, 2019 WL 1054554, at *2; *United States v. Potts*, No. 2:98-cr-14010, 2019 WL 1059837, at *2-3 (S.D. Fl. Mar. 6, 2019); *United States v. Delaney*, No. 6:08-cr-00012, 2019 WL 861418, at *1 (W.D. Va. Feb. 22, 2019); *United States v. Fountain*, No. 1:09-cv-00013, 2019 WL 637715, at *2 (W.D.N.C. Feb. 14, 2019); *United States v. Jackson*, No. 5:03-cr-30093, 2019 WL 613500, at *1 (W.D. Va. Feb. 13, 2019); *United States v. Copple*, No 17-cr-40011, 2019 WL 486440, at *2 (S.D. Ill. Feb. 7, 2019); *United States v. Drayton*, Crim. No. 10-20018, 2019 WL 464872, at *2 (D. Kan. Feb. 6, 2019);*United States v. Kamber*, No. 09-cv-40050, 2019 WL 399935, at *2 (S.D. Ill. Jan 31, 2019).

Section 3582(c)(1)(B) also fits the structure of § 404 of the First Step Act.  Section 404(b) of the First Step Act and § 3582(c) both provide that multiple actors – including a district court, the Director of the Bureau of Prisons, the Government, and defendants – may initiate requests for sentence reductions.  Statutory provisions in § 3582(c) cover: motions filed by the Government (such as motions under Fed. R. Crim. P. 35 addressed in § 3582(c)(1)(B)); motions filed by the Director of the Bureau of Prisons (such as motions addressed in § 3582(c)(1)(A) and (c)(2)); motions filed by defendants (such as motions addressed in § 3582(c)(1)(A) and (c)(2)); and proceedings initiated by the sentencing court (such as motions addressed in § 3582(c)(2)).

When a defendant obtains relief under § 3582(c)(1)(B), that does not affect the finality of the original underlying sentence and judgment.  *United States v. Sanders*, 247 F.3d 139, 142-43 (4th Cir. 2001) (explaining "[t]he plain language of 18 U.S.C. § 3582(b) establishes that a modification of a sentence does not affect the finality of a criminal judgment.").  The limited scope of § 3582(c) proceedings is reflected in Fed. R. Crim. P. 43(b)(4).  Under that Rule, "[a] defendant need not be present under any of the following circumstances . . . . The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)."  In short, § 3582(c)(1)(B is the appropriate mechanism for granting relief under § 404 of the First Step Act.

Consequently, the court concludes that, although Defendant is eligible for consideration of a reduced sentence under the First Step Act, he is not entitled to a full resentencing.  Defendant is subject to a statutory range of 10 years to Life and a supervised release term of eight years.  His advisory guideline range is 235-293 months.

Prior to determining whether to impose a reduced sentence, the court will consider the new statutory range, the advisory guideline range, the 18 U.S.C. § 3553(a) factors, and any evidence of

7

post-sentencing behavior and/or mitigation. Therefore, the parties shall file, on or before September 13, 2019, any further submissions relevant to these matters.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>Senior United States District Judge

Columbia, South Carolina
August 20, 2019